# Exhibit C



**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

11/21/2022

VIA FORGIVENESS PLATFORM

Jamall Bell

Citizens Trust Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
    Borrower: Concessions HH, JV
    SBA Loan No.: 9159789000
    Approved Loan Amount: $2,000,000.00
    Loan Approval Date: 05/29/2021
    Lender Forgiveness Decision Submission Date: 07/19/2022
    Lender Forgiveness Decision Amount: $2,000,000.00
    SBA Final Forgiveness Amount: $ 0.00

## Dear: Jamall Bell

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan.  Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:**
**After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.**
**The documents provided validate that Russell Family et al is a "family" is comprised of 98 entities defined by ownership, management, and identity of interest.**
**This common ownership and/or common management is among Donata Russell Major and/or H. Jerome Russell, Jr., and/or Michael Brent Russell, as disclosed and attested on Borrower's addendums to Form 3511. For this file, PRM DEVELOPMENT LLC, the owner Otelia Realty, LP; which also has the same common owners/management of H. Jerome Russell, Jr., Donata Russell-Ross and Michael B. Russell. Affiliation Definition: Per 13 C.F.R. 121.103: "(a) General Principles of Affiliation: (1) Concerns and entities are affiliates of each other when one controls or has the power to control the other, or a third party or parties controls or has the power to control both. It does not**

**matter whether control is exercised, so long as the power to control exists. (2) SBA considers factors such as ownership, management, previous relationships with or ties to another concern, and contractual relationships, in determining whether affiliation exists. (3) Control may be affirmative or negative. Negative control includes, but is not limited to, instances where a minority shareholder has the ability, under the concern's charter, by-laws, or shareholder's agreement, to prevent a quorum or otherwise block action by the board of directors or shareholders. (4) Affiliation may be found where an individual, concern, or entity exercises control indirectly through a third party. (5) In determining whether affiliation exists, SBA will consider the totality of the circumstances, and may find affiliation even though no single factor is sufficient to constitute affiliation. (6) In determining the concern's size, SBA counts the receipts, employees, or other measure of size of the concern whose size is at issue and all of its domestic and foreign affiliates, regardless of whether the affiliates are organized for profit." Affiliation Eligibility Requirements: Per Federal Register / Vol. 85, No. 73 / Wednesday, April 15, 2020: "How do SBA's affiliation rules affect my eligibility and apply to me under the PPP? An entity generally is eligible for the PPP if it, combined with its affiliates, is a small business as defined in section 3 of the Small Business Act (15 U.S.C. 632), or (1) has 500 or fewer employees whose principal place of residence is in the United States or is a business that operates in a certain industry and meets applicable SBA employee-based size standards for that industry, and (2) is a tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC), a tax-exempt veterans organization described in section 501(c)(19) of the IRC, a Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business concern" Size Standard: Total Employee Count for : Russell Family et al.. – across all 98 entities is 1,199 Per Borrower's 3511 Addendum and/or CAFS, which exceeds the PPP Size Standard of 300 employees.**

**Borrower exceeded the Corporate Group Max of $4MM, for Second Draw loans at the time of disbursement. We recommend denial even though borrower has a NAICS 72 waiver of the affiliation rules.**

**For this file, #9159789000, Conceptions Int LLC has a 87% ownership. When reviewing the documentation provided, it is determined that the Russell et al family received $2,000,000.00 in Second Draw loans, more than the Second Draw corporate group limit of $4MM.**

**Conceptions H & H Joint Venture #9159789000 exceeded corporate group limits at the time of disbursement and is recommended for denial. Therefore, the Borrower does not meet eligibility requirements for forgiveness of the Paycheck Protection Program loan. We remain in concurrence with the denial, based on the foregoing.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the

borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq*., including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration