IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONCESSIONS HH, JV,

PETITIONER,

v.

THE UNITED STATES SMALL
BUSINESS ADMINISTRATION,

RESPONDENT.

Civil Action No.

1:24-cv-01870-WMR

**RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Respondent United States Small Business Administration (SBA), by and through the United States Attorney for the Northern District of Georgia, respectfully files this Notice of Supplemental Authority, notifying the Court of a decision analyzing the same arguments made by Petitioner here. That decision is *Forest View Rehab. v. United States SBA*, 2024 U.S. Dist. LEXIS 234023 (N.D. Ill., Dec. 30, 2024). While not binding Supreme Court or Eleventh Circuit precedent, Respondent nevertheless believes that *Forest View* can substantially inform the Court's decision-making for at least two reasons.

First, *Forest View* involves a challenge to "the SBA's authority to implement the Corporate Group Rule under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(C), and the SBA's application of the rule to Forest View under 5 U.S.C. § 706(2)(A)." *Id*. at *2. Those are the same issues here.

1

Second, the court in *Forest View* also analyzed an argument similar to Concessions' argument here that the Corporate Group Rule ("CGR") is inconsistent with the waiver-of-affiliation for **eligibility** provision of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. *Id.* at **16- 23; Doc. 17-1 at pp. 19-23. The *Forest View* court found "significant that the PPP 'was added into the existing § 7(a) program' and thus its provision should be interpreted in light of Congress' broad grant of authority to the SBA reflected in the existing [§ 7(a)] statutory scheme." *Id.* at *23 (citing *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1256 (11th Cir. 2020)). Here, while Concessions acknowledges that Congress housed the PPP program within § 7(a), it nevertheless fails to acknowledge the broad regulatory powers Congress gave the SBA by doing so. Even more telling, Concessions makes no mention of *Gateway* and the Eleventh Circuit's conclusion that Congress delegated broad powers to the SBA to implement rules like the CGR.

The *Forest View* court's recognition of the broad authority that comes with § 7(a) also undermines Concessions' contention, in reply, that Congress was unaware of the existing CGR rule when it enacted the Economic Aid Act ("EAA"), after the CARES Act, and left the CGR untouched. Doc. 19 at p. 12. Concessions ignores Congress' clear intention, included directly in the CARES Act and EAA respectively in subparagraphs 636(a)(36)(B) and (37)(B), which

2

gives the SBA ***discretion*** to guarantee first and second-draw PPP loans *in accordance* with "terms, conditions, and processes as a loan made under" § 7(a). *See* 15 U.S.C. § 636(a)(36)(B), (37)(B) (emphasis added). As the *Forest View* court found, the notion that the SBA lacked authority to enact the CGR is "at odds with §636(a)(36)(B)'s instruction that the agency could continue guarantee loans under the same terms, conditions, and processes as other SBA loans." *Forest View Rehab.*, 2024 U.S. Dist. LEXIS 234023 at *19. Simply put, Congress knew what § 7(a) was, and it knew what it was doing by housing the EAA in § 7(a). It fully vested with the SBA authority to set maximum amount of PPP loans a corporate group could obtain, while simultaneously making it clear that some businesses in the hospitality industry that would have ordinarily not been eligible for PPP loans would be eligible for those loans.

For these reasons, Respondent respectfully ask that the Court consider *Forest View Rehab. v. United States SBA*, 2024 U.S. Dist. LEXIS 234023 (N.D. Ill., Dec. 30, 2024).

Respectfully submitted,

RICHARD S. MOULTRIE, JR.
    *Acting United States Attorney*
    *600 U.S. Courthouse*
    *75 Ted Turner Drive SW*
    *Atlanta, GA 30303*

*(404) 581-6000   fax (404) 581-6181*


/s/RODNEY H. ATREOPERSAUD
*Assistant United States Attorney*
Georgia Bar No. 309454
Rodney.Atreopersaud@usdoj.gov

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief

has been prepared using Book Antiqua, 13-point font.

/s/RODNEY H. ATREOPERSAUD
*Assistant United States Attorney*

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

January 31, 2025

/s/ RODNEY H. ATREOPERSAUD
RODNEY H. ATREOPERSAUD
*Assistant United States Attorney*