IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONCESSIONS HH, JV,<br><br>    Petitioner,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>    Respondent. | Civil Action File No.<br>1:24-CV-1870-WMR |

**PETITIONER CONCESSIONS HH, JV'S RESPONSE TO RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioner Concessions HH, JV (CHH), by and through counsel, respectfully files this Response to the Notice of Supplemental Authority (ECF 20) filed by Respondent Small Business Administration (SBA). The SBA's notice cites *Forest View Rehabilitation and Nursing Center, LLC v. SBA*, 2024 WL 5247837 (N.D. Ill., Dec. 30, 2024). That decision does involve a challenge to the Corporate Group Maximum Rule (CGR), but that challenge—brought by a company not in the hospitality industry—did not invoke the CARES Act's waiver-of-affiliation provision. *Forest View* thus provides no support for the SBA's arguments here. On the contrary, the decision supports CHH's position that the waiver-of-affiliation provision expanded eligibility and specifically limited the SBA's regulatory authority.

1

*Forest View* addressed a nursing home's argument that 15 U.S.C. § 636(a)(36)(D)(i)—which provides that "any business concern … shall be eligible to receive a covered loan if the business concern … employs not more than … 500 employees"—meant that PPP loans must "be available to *any* business concern without limitations." 2024 WL 5247837 at *7 (emphasis in original). Congress, the nursing home contended, thereby "barred the SBA from imposing additional PPP eligibility requirements," such as the CGR. *Id.* at *6. The Court concluded that while "[t]his textual argument is appealing at first glance," it was inconsistent with "the greater statutory scheme." *Id.* at *7. It noted that "the CARES Act **expanded eligibility rules for PPP loans** in several ways," including by "**waiv[ing] certain affiliation rules**." *Id.* (emphasis added; citing 15 U.S.C. § 636(a)(36)(D)(iv), the waiver-of-affiliation provision that CCH invokes here). Congress, the Court observed, "would not have needed to specify that it was expanding eligibility in these additional ways" if it "meant for PPP loans to be available to any business concern without limitations (save for the size cap)." *Id.*

Unlike the nursing home challenger in *Forest View*, CHH does not argue that the SBA lacks authority to issue regulations setting criteria for PPP loan eligibility. Rather, CHH's position is that, whatever other general authority the SBA might have, the waiver-of-affiliation provision specifically

2

bars the SBA from deeming hospitality businesses ineligible for PPP loans based on their affiliates.

*Forest View* supports CHH's position, for it underscores both that the waiver-of-affiliation provision "expanded eligibility rules" and that the CGR limits eligibility. *See* 2024 WL 5247837 at *7 (noting that if "the SBA lacked authority to implement **other eligibility rules**," such as the CGR, "that prohibition would be directly at odds with § 636(a)(36)(B)[]," and that Congress would not have "stripped the SBA's authority to implement other **eligibility requirements** without explicitly saying so") (emphasis added).

Further, far from supporting the SBA's contention that the Economic Aid Act (EAA) silently ratified the CGR, *see* ECF 20 at 2, *Forest View* expressly **rejects** the argument that the EAA "ratif[ies] the SBA's authority to impose a corporate group limit." 2024 WL 5247837 at *9 n.2. The Court noted that "the congressional ratification doctrine only applies where 'the supposed judicial consensus [was] so broad and unquestioned that we must presume Congress knew of and endorsed it.'" *Id.* (quoting *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 349 (2005)). And "there is no 'unquestioned' judicial consensus given the Sixth Circuit's decision agreeing with Forest View's interpretation in *DV Diamond Club [of Flint, LLC v. SBA]*, 960 F.3d at 746–47, which preceded the PPP's reauthorization by several months." *Id.*

3

Respectfully submitted this 7th day of February, 2025.

>*/s/ Kian J. Hudson*
>Kian J. Hudson
>(*pro hac vice*)
>BARNES & THORNBURG LLP
>11 South Meridian Street
>Indianapolis, IN  46204
>Tel. (317) 229-3111
>Kian.Hudson@btlaw.com
>
>Eric S. Fisher
>Georgia Bar No. 250428
>BARNES & THORNBURG LLP
>3340 Peachtree Road N.E., Suite 2900
>Atlanta, GA 30326-1092
>Tel. (404) 264-4045
>EFisher@btlaw.com
>
>*Counsel for Petitioner Concessions HH, JV*

## CERTIFICATE OF COMPLIANCE

In accordance with Northern District of Georgia Local Rules 5.1(C) and 7.1(D), I hereby certify that this brief complies with the Local Rules' type limitation because it has been set in a 13-point, proportionately spaced typeface (Century Schoolbook).

Dated: February 7, 2025                              /s/ *Kian J. Hudson*

*Counsel for Petitioner
Concessions HH, JV*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 7th day of February filed the within and foregoing *PETITIONER CONCESSIONS HH, JV'S RESPONSE TO RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY* with the Clerk of Court by using the CM/ECF System which will automatically send email notification of filing to all counsel of record.

Dated: February 7, 2025                                                    /s/ *Kian J. Hudson*

*Counsel for Petitioner
Concessions HH, JV*